ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendant
ZIPRECRUITER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BULCAO, JR., individually and as a representative of the class,<br><br>Plaintiff,<br><br>v.<br><br>ZIPRECRUITER, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT ZIPRECRUITER, INC.**<br><br>**[28 U.S.C. §§1331, 1441(A) & 1446]** |

NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF DENNIS BULCAO, JR. AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ZipRecruiter, Inc. ("Defendant") hereby removes the above-entitled action, Case No. BC589152, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein. In support of its Notice of Removal, Defendant states:

## I.  PLEADINGS/SERVICE/PROCEEDINGS

### A.  Plaintiff's Filing

1. On July 24, 2015, Plaintiff Dennis Bulcao ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, which was captioned as *DENNIS BULCAO, individually and as a representative of the class v. ZIPRECRUITER, INC.*, designated as Case No. BC589152 (the "Plaintiff's Complaint"). The Plaintiff's Complaint alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit "A."

2. Plaintiff's Complaint asserts that Defendant is a "consumer reporting agency" under the FCRA that issued "consumer reports" to users, despite its operation as a job posting and job search website. Therefore, Plaintiff claims that Defendant violated federal law because it allegedly failed: (1) to obtain a certification of permissible purpose; (2) to obtain certification of disclosure, authorization, adverse action procedures, and equal employment opportunity laws; (3) to provide a summary of FCRA rights; and (4) to provide notice to "users" of their alleged FCRA responsibilities in using Defendant's services. The central allegation of the Plaintiff's

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL                    1.

1  Complaint surrounds the use of a so-called "Bright Score" generated by Defendant for
2  use by its clientele.

3    3.    The date on which Plaintiff served Defendant with a copy of
4  Plaintiff's Complaint was August 19, 2015 when Defendant's undersigned counsel
5  signed a Notice of Acknowledgement of Receipt of same.  A true and correct copy of
6  the executed Notice of Acknowledgment of Receipt is attached hereto as Exhibit "B."

7    4.    On August 24, 2015, Plaintiff served Defendant with two other
8  court orders filed in the Superior Court.  Those orders are attached hereto as Exhibit
9  "C."

10   5.    On September 16, 2015, Defendant filed a General Denial and
11 Affirmative and Other Defenses as well as a motion for Preemptory Disqualification.
12 Those pleadings are attached hereto as Exhibit "D."

13   **B.    Identical Previous Class Action Cases Assigned to Judge**
14          **Wright**

15   6.    Prior to the filing of the present lawsuit, on January 15, 2015,
16 counsel for Plaintiff filed a nearly identical putative class action lawsuit in the United
17 States District Court, Central District of California, captioned *TAWANA FERGUSON,*
18 *individually and as a representative of the class v. ZIPRECRUITER, INC.*, designated
19 as Civil Action No. 2:15-cv-00720-ODW-MRW (the "First Ferguson Complaint").
20 The First Ferguson Complaint alleged the same violations of the FRCA as Plaintiff's
21 Complaint on the basis of Defendant's use of the "Bright Score."  The First Ferguson
22 Complaint was assigned to the Honorable Otis D. Wright, II.

23   7.    On March 5, 2015, Ferguson voluntarily dismissed the First
24 Ferguson Complaint in its entirety.  *See Ferguson v. ZipRecruiter, Inc.*, Civil Action
25 No. 2:15-cv-00720, ECF No. 20.

26   8.    On March 9, 2015, Ferguson filed a Complaint in the Superior
27 Court of the State of California, in and for the County of Los Angeles, captioned as
28 *TAWANA FERGUSON, individually and as a representative of the class v.*

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL          2.

1  *ZIPRECRUITER, INC.*, designated as Case No. BC574951 (the "Second Ferguson

2  Complaint").

3          9.      The Second Ferguson Complaint asserted the same purported

4  federal causes of action that were asserted in the First Ferguson Complaint under the

5  FCRA, namely, contending that Defendant was a "consumer reporting agency" under

6  the FCRA that issued "consumer reports" to users, despite its operation as a job

7  posting and job search website. Therefore, identical to the Plaintiff's Complaint,

8  Ferguson claimed that Defendant violated federal law because it allegedly failed: (1)

9  to obtain a certification of permissible purpose; (2) to obtain certification of

10 disclosure, authorization, adverse action procedures, and equal employment

11 opportunity laws; (3) to provide a summary of FCRA rights; and (4) to provide notice

12 to "users" of their alleged FCRA responsibilities in using Defendant's services. Yet

13 again, the focal point of the action was the Defendant's use of the "Bright Score."

14 The Second Ferguson Complaint also asserted identical proposed putative classes as

15 the First Ferguson Complaint and Plaintiff's Complaint. (*Compare* Second Ferguson

16 Complaint, ¶¶ 58-64 with Plaintiff's Complaint, ¶¶ 58-64).

17         10.     On May 29, 2015, Defendant filed a Notice of Removal of the

18 Second Ferguson Complaint with the United States District Court, Central District of

19 California. *See Ferguson v. ZipRecruiter, Inc.*, Civil Action No. 2:15-cv-04044, ECF

20 No. 1.

21         11.     On June 5, 2015, the Second Ferguson Complaint was assigned to

22 Judge Otis D. Wright, II on the basis that the Second Ferguson Complaint was

23 identical to the First Ferguson Complaint, and that "the newly filed case shall be

24 transferred to the judge assigned to the previously filed case." *See Ferguson v.*

25 *ZipRecruiter, Inc.*, Civil Action No. 2:15-cv-04044, ECF No. 9.

26         12.     On July 23, 2015, Ferguson voluntarily dismissed the Second

27 Ferguson Complaint in its entirety. As part of that stipulation, Ferguson agreed "that

28 she will not serve or seek to serve as a named plaintiff or class representative in any

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL                    3.

1  class action … against ZipRecruiter … that is based on or arises out of any events
2  occurring as of the date of this stipulation." *See Ferguson v. ZipRecruiter, Inc.*, Civil
3  Action No. 2:15-cv-04044, ECF No. 26.

4          13.    Plaintiff filed the current action on July 24, 2015, one day after
5  Ferguson dismissed the Second Ferguson Complaint.

6          14.    In addition to the identical nature of the claims, Plaintiff is
7  represented by the same attorneys as Ferguson.

8          15.    The attached exhibits constitute all the papers and processes that
9  have been filed or received in this action by Defendant.   The attachments thereby
10 satisfy the requirements of 28 U.S.C. § 1446(a).

11 **II.      FEDERAL QUESTION JURISDICTION**

12         16.    This Court has original jurisdiction over this matter because it
13 arises under the laws of the United States.  28 U.S.C. § 1331.

14         17.    "The district courts shall have original jurisdiction of all actions
15 arising under the Constitution, laws or treatises of the United States."  28 U.S.C. §
16 1331.  In deciding whether a suit arises under federal law, the district court must abide
17 by the "well-pleaded complaint" rule, under which a suit arises under federal law only
18 when the plaintiff's statement of his own cause of action shows that it is based on
19 federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

20         18.    This case plainly arises under federal law.  All of the causes of
21 action included in Plaintiff's Complaint specifically, unambiguously, and expressly
22 allege violations of a federal statute, namely, the FCRA.  Indeed, Plaintiff filed the
23 Complaint identifying the United States Code as the sole source of the claims in the
24 Complaint.  Moreover, Plaintiff asserted "concurrent jurisdiction" of the Superior
25 Court of the State of California pursuant to 15 U.S.C. § 1681p.  *See* Exhibit A, pg. 4,
26 ¶17. Finally, Plaintiff seeks fines of no less than $100 for each purported violation of
27 the law, and suggests that the putative class includes consideration of upwards of
28 5,000,000 resumes.  *See* Exhibit A, pg. 14, ¶¶60, 68, 71, 74 and 77.  Moreover, in the

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL              4.

nearly identical First Ferguson Complaint, Ferguson asserted "at least one member of the putative class and Defendant are citizens of different states and the amount in controversy exceeds $5,000,000." *See Ferguson v. ZipRecruiter, Inc.*, Civil Action No. 2:15-cv-00720, ECF No. 1 at ¶18.  Thus, this Court has original jurisdiction over this action.

19.     Because this Court has original jurisdiction over this case, removal of this case to federal court is proper.  28 U.S.C. § 1441(a).

### III.   TIMELINESS OF REMOVAL

20.     This Notice of Removal is timely in that it has been filed within 30 days of the service of Plaintiff's Complaint on August 19, 2015 via Defendant's execution of a Notice of Acknowledgement of Receipt, and within one year of the filing of Plaintiff's Complaint on July 24, 2015.  *See* 28 U.S.C. § 1446(b).

### IV.   VENUE

21.     The action is pending in the Superior Court of California for the County of Los Angeles.  Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a).

22.     Pursuant to Local Civil Rule 83-1.2.2, "Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned."

23.     This action is properly assigned to the Honorable Otis D. Wright, II because the Plaintiff's claims are "essentially the same" as the First and Second Ferguson Complaints in that all three suits allege that Defendant violated the FCRA by generating "Bright Scores" for its clients' use.  Moreover, these actions "involv[e] the … same parties," as the class of individuals allegedly harmed by Defendant's purported violations are identical to those alleged by Ferguson.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL                              5.

## V.    NOTICE TO PLAINTIFF

24.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Matthew C. Helland, Nichols Kaster, LLP, Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

25.    WHEREFORE, Defendant ZipRecruiter, Inc. now prays that the above-entitled action now pending against it in the Superior Court of the State of California, County of Los Angeles should be removed therefrom to this Court.

Dated:   September 18, 2015

/s/ Rod M. Fliegel
ROD M. FLIEGEL
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ZIPRECRUITER, INC.

Firmwide:135932125.1 083298.1003

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE OF REMOVAL                    6.