# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ZipRecruiter, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dennis Bulcao, Jr., individually and as a representative of the class

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUL 24 2015

Sherri R. Carter, Executive Officer/Clerk
By: Paul So, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court<br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 589152 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew Helland, Nichols Kaster, LLP, One Embarcadero Ctr, Ste 720, San Francisco, CA 94111, 877448049

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUL 24 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* ZipRecruiter, Inc.

   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Matthew C. Helland (SBN 250451)
   helland@nka.com
2  NICHOLS KASTER, LLP
   One Embarcadero Center, Suite 720
3  San Francisco, CA 94111
   Tel: 415.277.7235; Fax: 415.277.7238
4
   *Attorney for Plaintiff and the Proposed Class*
5

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUL 24 2015

Sherri R. Carter, Executive Officer/Clerk
By: Paul So, Deputy

6
7
8
9
10
11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12              **IN AND FOR THE COUNTY OF LOS ANGELES**

                                                    BC 5 8 9 1 5 2

13  DENNIS BULCAO, JR., individually      Case No.:
    and as a representative of the class,
14                                         **CLASS ACTION COMPLAINT**
                              Plaintiff,
15                                         (1) Failure to Obtain Certification of a
                                           Permissible Purpose in Violation of 15
16  v.                                     U.S.C. § 1681e(a);
                                           (2) Failure to Obtain Certification of
17  ZIPRECRUITER, INC.,                    Disclosure, Authorization, Adverse Action
                                           Procedures, and Equal Employment
18                            Defendant.   Opportunity Laws in Violation of 15 U.S.C.
                                           § 1681b(b)(1)(A);
19                                         (3) Failure to Provide Summary of
                                           Consumer Rights in Violation of 15 U.S.C.
20                                         § 1681b(b)(1)(B);
                                           (4) Failure to Provide Notice to Users of
21                                         FCRA Responsibilities in Violation of 15
                                           U.S.C. § 1681e(d)(1).
22
23                                         **DEMAND FOR JURY TRIAL**
24
25        Plaintiff Dennis Bulcao, Jr. ("Plaintiff"), by and through his attorneys, and on
26  behalf of himself, the Putative Class set forth below, and in the public interest, brings the
27  following class action Complaint against Defendant ZipRecruiter, Inc. ("Defendant")
28  pursuant to the federal Fair Credit Reporting Act ("FCRA").

─────────────────────────────────────────────
                    COMPLAINT, Case No.

**INTRODUCTION**

1.     This consumer class action is brought under the FCRA against a consumer reporting agency who routinely improperly furnishes consumer reports to third parties for monetary gain.

2.     Specifically, Defendant assembles and evaluates employment information regarding consumers who sign up for Defendant's job search services and scores those consumers using a "Bright Score," which Defendant sells to its customers.  Defendant admits it is similar to a credit score, but which, rather than relating to the consumer's creditworthiness, relates to the consumer's employability.  The Bright Scores that Defendant assigns to consumers can only be seen by potential employers (not by the consumers themselves) and are intended to impact a consumer's consideration for employment opportunities.

3.     The Bright Score is a communication bearing on a consumer's "character, general reputation, personal characteristics, or mode of living" which is used by Defendant's customers to determine a consumer's suitability for a particular job. Accordingly, a communication including the Bright Score is a consumer report as that term is defined in the FCRA.  *See* 15 U.S.C. § 1681a(d).

4.     Because Defendant, for monetary gain, sells these Bright Scores to employers who utilize its services, Defendant is a consumer reporting agency as that term is defined in the FCRA.  *See* 15 U.S.C. § 1681a(f).

5.     The use of a Bright Score has the practical effect of disadvantaging those jobseekers who are seeking to change careers or lack experience in the career field they are seeking to enter.  The Bright Score deprives those individuals of the opportunity to present their qualifications to potential employers by rating their resumes as having a low compatibility with the job description posted by the employer.

6.     Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.  15 U.S.C. § 1681, *et. seq.*

-2-

COMPLAINT, Case No.

7.      Specifically, the FCRA requires that, prior to providing a prospective user with a consumer report, the consumer reporting agency must require the prospective user to "certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." 15 U.S.C. § 1681e(a).

8.      The FCRA further requires that, with respect to prospective users who seek to use consumer reports for employment purposes, the consumer reporting agency must obtain a certification from the end user that the end user has provided the subject of the report with a disclosure indicating a consumer report will be procured, has obtained the end user's authorization to procure the report, and will provide adverse action notice to the consumer if required. *See* 15 U.S.C. § 1681b(b)(1)(A).

9.      The requirements that the FCRA imposes on the agencies who provide consumer reports work together with the requirements imposed on users of consumer reports for employment purposes to ensure that consumers have knowledge that consumer reports about them are going to be used for employment purposes, that consumers have consented to such use, that consumers are informed if such reports operate to their detriment, and that consumers have an opportunity to correct errors in their reports.

10.     As further discussed herein, Defendant has willfully violated the FCRA and failed to provide consumers with the protections Congress afforded to them.

11.     Defendant's Bright Score system operates as precisely the kind of secret evaluative communication between a third party and an employer that can operate to the consumer's detriment, but of which the consumer has no knowledge.

12.     Defendant does not obtain certifications from its end users that they are obtaining consumer consent and providing consumers with required disclosures prior to obtaining Bright Scores.  Nor does Defendant ensure that consumers are informed when their Bright Scores impact their employment prospects.

13.     By failing to obtain certifications and to provide disclosures, Defendant has willfully and systematically violated the FCRA in the following ways: (1) by failing

-3-

1    to provide its employer-users with notice of their obligation to comply with the

2    applicable provisions of the FCRA in violation of 15 U.S.C. §1681b(b)(1)(B); (2) by

3    failing to obtain the necessary certifications from its employer-users attesting that they

4    will comply with these provisions and applicable Federal and State equal employment

5    opportunity laws and regulations in violation of 15 U.S.C. § 1681b(b)(1)(A); and (3) by

6    failing to provide a summary of the consumer's rights under the FCRA with the

7    consumer report in violation of 15 U.S.C. § 1681b(1)(B).

8         14.    As Defendant's illegal practices are routine and systematic, Plaintiff

9    asserts claims on behalf of himself and the proposed Class for statutory and punitive

10   damages, as well as equitable relief.

**THE PARTIES**

12        15.    Plaintiff Dennis Bulcao, Jr. is an individual person and a resident of San

13   Ramon, California.

14        16.    Defendant ZipRecruiter is a California corporation headquartered in Santa

15   Monica, California.  ZipRecruiter is an online job posting and job search website that

16   claims it "streamlines the hiring process by enabling companies to post a job on 50+

17   leading job boards with one click and manage all applicants through a simple online

18   interface."  https://www.ziprecruiter.com (attached Exhibit 1) (last visited January 29,

19   2015).

**JURISDICTION AND VENUE**

21        17.    This Court has jurisdiction over Plaintiff's claims based on concurrent

22   jurisdiction under 15 U.S.C. § 1681p and Cal. Code Civ. Proc. § 410.10.

23        18.    Venue is proper in the County of Los Angeles because a substantial part

24   of the events giving rise to this claim occurred in this County, and Defendant is

25   headquartered in this County.

**STATUTORY BACKGROUND**

27        19.    Congress enacted the FCRA in 1970 to ensure fair and accurate credit

28   reporting and to protect consumer privacy by requiring consumer reporting agencies and

-4-

COMPLAINT, Case No.

users of consumers reports to "adopt reasonable procedures for meeting the needs of commerce" in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

20.     Under the FCRA, a "consumer report" is:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – (B) employment purposes.

15 U.S.C. § 1681a(d).

21.     Under the FCRA, a "consumer reporting agency" is

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

22.     The FCRA imposes obligations on both users of consumer reports (such as a prospective employer) and the consumer reporting agencies that provide consumer reports to the ultimate users.

23.     In order to inform users of consumer reports about their obligations, a consumer reporting agency must provide any party "to whom a consumer report is provided by the agency" with "a notice of such person's responsibilities" under the FCRA. 15 U.S.C. § 1681e(d)(1).

24.     Additionally, prior to providing a user with a consumer report, a consumer reporting agency must obtain a certification from the user stating that the

-5-

COMPLAINT, Case No.

1  consumer report will only be used for a "permissible purpose" as that term is defined in

2  the FCRA.  15 U.S.C. §§ 1681b(f)(2) and 1681e(a).

3      25.     The FCRA prohibits users from obtaining consumer reports unless the

4  user has a permissible purpose for procuring the report, as defined in the statute.

5  Specifically, the FCRA, 15 U.S.C. § 1681b(f), provides:

6          A person shall not use or obtain a consumer report for any purpose
           unless (1) the consumer report is obtained for a purpose for which
7          the consumer report is authorized to be furnished under this
           section; and (2) the purpose is certified in accordance with section
8          1681e of this title by a prospective user of the report through a
           general or specific certification.

9

10     26.     To ensure that consumer reports are being obtained for only permissible

11  purposes, the FCRA requires that before a consumer reporting agency furnishes a report

12  to a user, the consumer reporting agency must make "a reasonable effort to verify the

13  identity of a new prospective user and the uses certified by such prospective user prior to

14  furnishing such user a consumer report."  15 U.S.C. § 1681e(a).

15     27.     One permissible purpose for obtaining a consumer report is "employment

16  purposes" but consumer reports used for employment purposes are subject to further

17  certification requirements under the FCRA.

18     28.     In addition to certifying that a consumer report is being sought for a

19  "permissible purpose," a party using a consumer report for employment purposes must

20  also certify to the consumer reporting agency that the user has complied with the

21  disclosure obligations set forth in 15 U.S.C. §§ 1681b(b)(2)-(3)[1], will not use the

22  information in the consumer report "in violation of any applicable Federal or State equal

23  _____
    [1] The disclosure obligations in 15 U.S.C. § 1681b(b)(2) require that a party requesting a
24  consumer report for employment purposes must disclose, in a stand-alone document
    consisting solely of the disclosure, that it intends to obtain a consumer report for that
25  purpose and must also obtain the written consent of the subject of the consumer report to
    obtain the report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  15 U.S.C. § 1681b(b)(3) requires
26  that, if a party using a consumer report for employment purposes intends to take adverse
    action, in whole or in part, based on the content of the report, the user must provide
27  notice to the consumer before taking adverse action, and also provide the consumer with
    a copy of the report.

28

-6-

1    employment opportunity law or regulation" and, if necessary, will comply with the

2    adverse action notice provisions of 15 U.S.C. § 1681b(b)(3).[2]   15 U.S.C. §

3    1681b(b)(1)(A).

4         29.    Finally, the FCRA requires a consumer reporting agency providing

5    reports for employment purposes to provide a document setting forth a summary of the

6    consumer's right under the FCRA prior to or contemporaneously to the provision of the

7    consumer report. *See* 15 U.S.C. § 1681b(b)(1)(B).

8         30.    Failure to comply with these provisions constitutes a violation of the

9    FCRA and subjects the consumer reporting agency to civil liability for "any actual

10   damages sustained by the consumer as a result of the failure or damages of not less than

11   $100 and not more than $1,000" for each violation plus punitive damages and attorneys'

12   fees as determined by the court. 15 U.S.C. § 1681n(a).

13   ### ALLEGATIONS RELATING TO NAMED PLAINTIFF BULCAO

14        31.    In or around May 2012, Plaintiff joined ZipRecruiter by creating an

15   account on the website, www.ziprecruiter.com, and uploading his resume to the website.

16        32.    After posting his information on the website, Plaintiff was contacted by

17   several potential employers who found his information through the ZipRecruiter website.

18        33.    Consistent with Defendant's standard practices, see *supra*, Defendant

19   used the information Plaintiff provided to generate a "Bright Score," and provided that

20   score to potential employers in exchange for monetary fees.

21        34.    Plaintiff was unaware when signing up with Defendant's website that his

22   personal information would be used to develop a Bright Score reflecting his suitability

23   for a particular job opening and that this Bright Score would be viewed by potential

24   employers.

25   _____

26   [2] The adverse action provision, 15 U.S.C. § 1681b(b)(3), requires that a user of a
     consumer report provide the consumer with notice, including information on how to
     request a copy of the consumer report, prior to taking adverse action (such as denial of
27   an employment opportunity) based on that report and again after adverse action is taken.

28

35.    Plaintiff never received a disclosure regarding these consumer reports from any prospective employer, and never authorized their procurement.

36.    Defendant did not obtain any certifications regarding the purpose for the report or compliance with the FCRA's disclosure and authorization requirements from the prospective employers to whom it disclosed Plaintiff's Bright Score.  Nor did it not provide those users with any summary of rights under the FCRA.

### DEFENDANT'S ILLEGAL BUSINESS PRACTICES

37.    Defendant operates an online job and resume posting database. Defendant advertises itself as "providing a central location for finding, screening and tracking applicants."    www.ziprecruiter.com/user/create (last accessed January 29, 2015).

38.    Defendant's customers are employers who pay a fee to post open employment opportunities on Defendant's job board (and the 50 additional job boards with whom Defendant coordinates) and to have access to the nearly 5 million job candidates whose information is available on Defendant's website. www.ziprecruiter.com/user/create (last accessed January 29, 2015).

39.    In fact, while ZipRecruiter is always "completely free" for job-seekers, employers **must** have a paid subscription to ZipRecruiter in order to access the resume database. https://www.ziprecruiter.com/faq (last accessed January 6, 2015).

40.    One of the services that Defendant provides its employer-customers is evaluating consumers through the use of a scoring mechanism called the "Bright Score."

41.    The Bright Score evaluations were available to any of Defendant's customers who purchased a subscription to the Zip Recruiter website and were able to create job postings or review the resumes of potential employees. *See* Exhibit 2 (listing "Automatic Resume Scoring" as a service included in all subscription plans available to employers).

42.    Because Defendant regularly evaluates consumers' job eligibility through the use of the Bright Score and communicates those scores to third parties in exchange

-8-

COMPLAINT, Case No.

1  for monetary fees, it is a "consumer reporting agency" as that term is defined in the

2  FCRA.  15 U.S.C. § 1681a(f).

3      43.  The Bright Score evaluation system assigns a numerical score, (on a scale

4  of 1-100) to each consumer who has signed up for Defendant's free job-seeking service

5  indicating how well the consumer's resume matches the job title and description

6  provided by the potential employer.  *See* Exhibit 3.

7      44.  A consumer's Bright Score is determined by "compar[ing] a candidate's

8  resume to over 50 criteria to determine their fit in the areas of work experience, skills,

9  and education."  Exhibit 3.

10      45.  Defendant provides a scale to users of the Bright Score that indicates

11  what a particular Bright Score means:

12  The Bright Score uses a 1-100 scale. As a general guideline, here is what the numbers are intended to mean:

13  | 90 Bright Score | to | 100 Bright Score | Their resume is likely an excellent match for your job description. |

14  | 70 Bright Score | to | 89 Bright Score | Their resume is likely a good match for your job description. |

15  | 0 Bright Score | to | 69 Bright Score | Their resume is likely a poor match for your job description. |

16  Exhibit 3.

17      46.  Bright Scores are only viewable by prospective employers and cannot be

18  viewed by the consumers that are the subject of the Bright Score.  *See* Exhibit 3.

19      47. .  Defendant's Bright Score is a communication of information that bears on

20  a consumer's "character, general reputation, personal characteristics, or mode of living

21  which is used or expected to be used or collected in whole or in part for the purpose of

22  serving as a factor in establishing the consumer's eligibility for…" employment.  Thus,

23  the Bright Score meets the statutory definition of a "consumer report."  *See* 15 U.S.C. §

24  1681a(d).  *See also*, *Ernst v. DISH Network, LLC*, -- F. Supp. 3d --, 2014 WL 4693700

25  (S.D.N.Y. Sept. 22, 2014) (holding that a communication consisting solely of the label

26  "high risk" met the statutory definition of a "consumer report"); *Trans Union Corp. v.*

27  *F.T.C.*, 245 F.3d 809, 813 (D.C. Cir. 2001) (stating that meeting the FCRA definition of

28  a consumer report "does not seem very demanding" as "almost any information about

-9-

1  consumer arguably bears on their personal characteristics or mode of living"); *Hoke v.*

2  *Retail Credit Corp.*, 521 F.2d 1079, 1081 (4th Cir. 1975) (finding "character" and "mode

3  of living" to be "virtually limitless").

4      48.    The developer of the Bright Score has acknowledged the similarity

5  between the Bright Score and credit scoring tools, stating in an interview that the Bright

6  Score is "[s]imilar to a FICO credit score in the credit industry….Before a bank reviews

7  a credit application they check the applicant's FICO credit score.  The same should

8  happen with employers and the Bright Score.  Why waste time on a job seeker's full

9  application if they aren't at least minimally qualified?" Exhibit 3.

10      49.    Because Defendant, for monetary fees, provides a score to employers that

11  is intended to allow the employer to determine whether or not the employer should

12  "waste time" on a particular applicant, Defendant is a consumer reporting agency under

13  the FRCA, and is required to comply with the FCRA's procedural requirements.

14      50.    As a consumer reporting agency, Defendant has certain obligations under

15  the FCRA, including the obligation to notify each user of the Bright Score of its

16  responsibilities under the FCRA.  15 U.S.C. § 1681e(d)(1).

17      51.    Defendant does not provide its users with a notice of the users'

18  responsibilities under the FCRA despite the clear statutory mandate set forth in 15

19  U.S.C. § 1681e(d)(1):

20      **(1) Notice requirement.** – A consumer reporting agency shall provide to
21      any person –

22      (A) who regularly and in the ordinary course of business furnishes
    information to the agency with respect to any consumer; or
23

24      (B) to whom a consumer report is provided by the agency;

    A notice of such person's responsibilities under this subchapter.
25

26  15 U.S.C. § 1681e(d)(1).

27      52.    Defendant also has an obligation under the FCRA to obtain a certification

28  from each of its customers that has access to the Bright Score feature certifying that: (1)

-10-

the information in the consumer report is being sought for a permissible purpose; (2) that the employer-user provided a disclosure to the consumer on whom the report is being sought; (3) that the employer-user obtained the consumer's authorization prior to obtaining the consumer report; (4) that the employer-user will, if necessary, comply with the FCRA's adverse action provisions set forth in 15 U.S.C. § 1681b(b)(3); and (5) that "information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law of regulation." *See* 15 U.S.C. § 1681e(a) and § 1681b(b)(1)(A).

53.    Defendant does not to obtain the required certifications from its employer-users or attempt to verify that the users were seeking the information for a permissible purpose prior to providing those users with consumer reports on job applicants.

54.    Defendant's standard practice of failing to obtain these certifications is contrary to the plain text of 15 U.S.C. § 1681b(b)(1)(A) which states:

> A consumer reporting agency may furnish a consumer report for employment purposes only if —
>
>> (A)    the person who obtains such report from the agency certifies to the agency that —
>>
>>> (i) The person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph 3 with respect to the consumer report if paragraph (3) becomes applicable; and
>>>
>>> (ii) Information from the consumer report will not be used in violation of any applicable Federal or State equal-employment opportunity law or regulation; and

And to the plain text of 15 U.S.C. § 1681e(a) (emphasis added) which requires that

> Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title.  These procedures shall require that prospective users of the information identify

-11-

1    themselves, **certify the purposes for which the information is**
2    **sought, and certify that the information will be used for no**
     **other purpose. Every consumer reporting agency shall make a**
3    **reasonable effort to verify the identity of a new prospective**
     **user and the uses certified by such prospective user prior to**
4    **furnishing such user a consumer report.**

5    55.    Defendant also does not provide its users with a summary of the
6    consumer's rights under the FCRA prior to or contemporaneously to the provision of the
7    consumer report.

8    56.    Defendant's standard practice of failing to provide this summary is in
9    direct contradiction to the plain text of 15 U.S.C. § 1681b(b)(1)(B) which states:

10          A consumer reporting agency may furnish a consumer report for
            employment purposes only if – . . . (B) the consumer reporting
11          agency provides with the report, or has previously provided, a
            summary of the consumer's rights under this subchapter....
12

13   57.    Defendant acted knowingly and willingly in violating the clear statutory
14   mandates set forth in 15 U.S.C. §§ 1681b(b)(1), 1681e(a), and 1681e(d)(1).  Defendant's
15   knowing and willful conduct is reflect by, among other things:

16          (a)    The FCRA was enacted in 1970; Defendant has had over 40 years
17                 to become compliant;

18          (b)    Defendant was aware of the FCRA and its applicability to
19                 employment screening.   In 2013, Defendant partnered with
20                 GoodHire, a consumer reporting agency, to offer a "FCRA-
21                 compliant background checking service" to Defendant's employer
22                 clients.  Exhibit 4.  Yet, Defendant chose to use the Bright Score
23                 despite its failure to comply with the FCRA in connection
24                 therewith;

25          (c)    Defendant's own blog included a posting mentioning the
26                 compliance    requirements    of    the    FCRA.    *See*
27

28
                                    -12-

                          COMPLAINT, Case No.

1                    https://www.ziprecruiter.com/blog/illegal-job-interview-

2                    questions-how-to-handle/ (last accessed Jan. 6, 2015);

(d)    Despite the fact that Defendant was aware of the FCRA's applicability to employment screening, Defendant made no effort to comply with the FCRA's requirements;

(e)    Defendant knew that its Bright Score constituted a "consumer report" as that term is defined in the FCRA;

(f)    Defendant knew that in providing its customers with Bright Scores regarding particular consumers it was acting as a consumer reporting agency;

(g)    Defendant knew that, as a consumer reporting agency, it was required to comply with the FCRA's requirements, including, *inter alia*, obtaining the required certifications from users of consumer reports and providing the required disclosures to consumers and users of consumer reports;

(h)    Defendant did not, in fact, comply with these requirements;

(i)    Defendant knew that its failure to comply with these requirements was in violation of multiple provisions of the FCRA;

(j)    Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically furnished consumer reports without first obtaining valid certifications from the users of the reports; and

(k)    By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

**CLASS ACTION ALLEGATIONS**

58.    Plaintiff asserts his claims on behalf of the proposed Class defined as follows:

-13-

All individuals who created a "Job Seeker Account" with Defendant and about whom Defendant generated and communicated a "Bright Score" within the applicable limitations period predating the filing of this Complaint and continuing through the date the class list is prepared.

59.     This action is brought, and may properly be maintained, as a class action under Cal. Code of Civ. Proc. § 382 because there is a well-defined community of interest in the litigation, and the proposed Class is easily ascertainable from Defendant's records.

60.     Numerosity:  The Class is so numerous that joinder of all class members is impracticable.  Defendant is a large job site and advertises that, through its service, employers can have access to "5,311,070 resumes with thousands of new ones added daily." www.ziprecruiter.com/user/create (last accessed January 29, 2015).

61.     Typicality:  Plaintiff's claims are typical of the class members' claims. The FCRA violations committed by Defendant were committed pursuant to uniform policies and procedures, and Defendant treated Plaintiff in the same manner as other class members in accordance with its standard policies and practices.

62.     Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex class action litigation.

63.     Commonality:  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including without limitation:

   (a) Whether Defendant's "Bright Score" applicant evaluation system is a consumer report as that term is defined in the FCRA;

   (b) Whether Defendant is a consumer reporting agency as that term is defined in the FCRA;

   (c) Whether Defendant failed to provide notice to its users of their responsibilities under the FCRA in violation of 15 U.S.C. § 1681e(d)(1);

-14-

COMPLAINT, Case No.

(d) Whether Defendant failed to obtain certification of a permissible purpose from its users in violation of 15 U.S.C. § 1681e(a);

(e) Whether Defendant failed to "make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report" in violation of 15 U.S.C. § 1681e(a);

(f) Whether Defendant failed to obtain certification from its users certifying that they would comply with 15 U.S.C. § 1681b(b)(2), § 1681b(b)(3), and applicable federal and state equal employment opportunity laws and regulations in violation of 15 U.S.C. § 1681b(b)(1);

(g) Whether Defendant failed to provide its users with a summary of the consumer's rights under the FCRA prior to or contemporaneous to the provision of a consumer report in violation of 15 U.S.C. § 1681b(b)(1)(B).

(h) Whether Defendant's conduct was willful under the FCRA;

(i) The appropriateness and proper measure of statutory damages; and

(j) The appropriate scope of injunctive relief.

64.     Class certification is appropriate under Cal. Code Civ. Proc. § 382 because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of the Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Class on an individual basis.  Class

-15-

1  certification will also obviate the need for unduly duplicative litigation that might result

2  in inconsistent judgments concerning Defendant's practices.  Moreover, management of

3  this action as a class action will not present any likely difficulties.  In the interests of

4  justice and judicial efficiency, it would be desirable to concentrate the litigation of all

5  class members' claims in a single forum.

6  **CLAIMS FOR RELIEF**
**COUNT I: 15 U.S.C. § 1681e(a)**
**Failure to Obtain Certification of a Permissible Purpose**

7

8  65.     It is Defendant's policy and practice not to obtain 15 U.S.C. § 1681e(a)

9  certifications from its users certifying that the procurement of consumer reports are for a

10  "permissible purpose" set forth in the FCRA or verifying the identity and purpose of a

11  new user prior to providing those users with Bright Scores evaluating potential

12  consumers' suitability for particular employment opportunities posted by those users.

13  66.     Defendant violated the FCRA by knowingly and willfully furnishing

14  consumer reports on Plaintiff and Class members without first obtaining proper

15  certifications from the users of those consumer reports that the users were obtaining the

16  reports for a permissible purpose. *See supra*, ¶ 58.

17  67.     Defendant further violated the FCRA by knowingly and willfully

18  furnishing consumer reports on Plaintiff and Class members without first making "a

19  reasonable effort to verify the identity of a new prospective user and the uses certified by

20  such prospective user prior to furnishing such user a consumer report." 15 U.S.C. §

21  1681e(a). *See supra*, ¶ 58.

22  68.     Plaintiff and the Class are entitled to statutory damages of not less than

23  $100 and not more than $1,000 for each and every one of these violations, pursuant to 15

24  U.S.C. § 1681n(a)(1)(A).  Plaintiff and the Class members are also entitled to punitive

25  damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).  Plaintiff and the

26  Class members are further entitled to recover their costs and attorneys' fees, pursuant to

27  15 U.S.C. § 1681n(a)(3).

28

-16-

### COUNT II: 15 U.S.C. § 1681b(b)(1)(A)
#### Failure to Obtain Certification of Disclosure, Authorization,
#### Adverse Action Procedures and Equal Employment Opportunity Laws

69.     It is Defendant's policy and practice not to obtain 15 U.S.C. § 1681b(b)(1)(A) certifications regarding users' disclosure, authorization, adverse action procedures, and compliance with federal and state equal employment opportunity laws and regulations from its users prior to providing those users with Bright Scores evaluating potential consumers' suitability for particular employment opportunities posted by those users.

70.     Defendant violated the FCRA by knowingly and willfully furnishing consumer reports on Plaintiff and Class members without first obtaining a proper certification from the users of those consumer reports that the users would comply with 15 U.S.C. § 1681b(b)(2), § 1681b(b)(3), and federal and state equal employment opportunity laws and regulations. *See supra*, ¶ 58.

71.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).  Plaintiff and the Class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).  Plaintiff and the Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT III: 15 U.S.C. § 1681b(b)(1)(B)
#### Failure to Provide Summary of Consumer Rights

72.     It is Defendant's policy and practice not to provide the users of the consumer reports it provides for employment purposes with a summary of the consumers' rights under the FCRA prior to or contemporaneous to the provision of the Bright Scores evaluating potential consumers' suitability for particular employment opportunities posted by those users.

-17-

73.     Defendant violated the FCRA by knowingly and willfully furnishing consumer reports on Plaintiff and Class members without providing the summary of the consumer's rights under the FCRA as required by 15 U.S.C. § 1681b(b)(1)(B).  *See supra*, ¶ 58.

74.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).  Plaintiff and the Class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).  Plaintiff and the Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT IV: 15 U.S.C. § 1681e(d)(1)
### Failure to Provide Notice to Users of FCRA Responsibilities

75.     It is Defendant's policy and practice not to provide notice to its users of the users' responsibilities under the FCRA.

76.     Defendant violated the FCRA by knowingly and willfully failing to provide notice to its users of the users' responsibilities under the FCRA, as required by 15 U.S.C. § 1681e(d)(1).  *See supra*, ¶ 58.

77.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).  Plaintiff and the Class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).  Plaintiff and the Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF

78.     WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief as follows:

-18-

1  (a) Determining that this action may proceed as a class action under Cal.
2      Code Civ. Proc. § 382;
3  (a) Designating Plaintiff as Class Representative and designating
4      Plaintiff's counsel as counsel for the Class;
5  (b) Issuing proper notice to the Class at Defendant's expense;
6  (c) Declaring that Defendant violated the FCRA;
7  (d) Declaring that Defendant acted willfully, in knowing or reckless
8      disregard of Plaintiff's rights and its obligations under the FCRA;
9  (e) Awarding statutory damages and punitive damages as provided by the
10     FCRA;
11 (f) Awarding reasonable attorneys' fees and costs as provided by the
12     FCRA;
13 (g) Awarding appropriate injunctive relief including an injunction
14     requiring that Defendant cease its unlawful practices and ensure that
15     all users of consumer reports furnished by Defendant certify that they
16     have a permissible purpose to use those reports;
17 (h) Granting other and further relief, in law or equity, as this Court may
18     deem appropriate and just.

19              **DEMAND FOR JURY TRIAL**

20     80.   Pursuant to Section 16, Article I of the California Constitution, and Cal.
21 Code Civ. Proc. § 631, Plaintiff and the Classes demand a trial by jury.

22

23 Dated: 7/23/15                      NICHOLS KASTER, LLP

24                          By: _____
25                                   Matthew C. Helland

26                                   Attorneys for Plaintiff and the
                                     Proposed Class
27

28
                              -19-
                     COMPLAINT, Case No.

Exhibit 1

# Post to 50+ Job Boards with One Submission

## Create Your Free Employer Account Now:

or job seekers click here to find jobs (https://jobs.ziprecruiter.com)

| Your Name |
|---|

| Your Work Email |
|---|

☑ I agree to the ZipRecruiter Terms of Use (/terms) and Privacy Policy (/privacy)

Create FREE Account

*Questions?* Call (800) 557-9015 or contact us (/sales).


★ ★ ★ ★ ★
on ☑TRUSTPILOT   (http://www.trustpilot.com/review/ziprecruiter.com)   Norton SECURED™ powered by **Symantec**   TRUSTe ▶ Certified Privacy (//privacy.truste.com/privacy-seal/ZipRecruiter,-Inc-/validation?

rid=ea55b827-615a-
4d5a-8edd-
1c47f0d53d24)

Join the **250,000+** companies who have received more than **15 million** candidates!

Post your job to 50+ job boards at once:

**Job**.com                craigslist

**MONSTER**               ⋮⋮⋮ SimplyHired

⎵glassdoor                 **juju**

**facebook**              ebay classifieds

ꕥ **Zip**Recruiter        

———— *and more* ————

*Additional charges apply for Monster and Craigslist postings.

# You'll Love ZipRecruiter!

*ZipRecruiter makes hiring faster, easier and cheaper.*

### ✅ Post Once. Distribute Everywhere.

Post your job to 50+ job boards (/job-boards) with one click. Save time by managing your jobs and candidates in one place. New job boards are always being added.



### ✅ Post to Paid Job Boards in Seconds

Post your jobs directly to leading paid job boards like Monster.com right from your ZipRecruiter account.



### ✅ Enjoy Built-in Social Recruiting

Take advantage of integrated social network posting to reach job seekers on Facebook, LinkedIn, Twitter and Google+.

twitter **facebook**
Google+

### ✅ Discover Candidates in the Resume Database

Search 5,311,070 resumes with thousands of new ones added daily. It's FREE to search and plans include full contact information for 50 to 1,000 resumes per month depending on plan type.



### ✅ Embrace the Mobile Job Seeker

Start with mobile optimized pages that look great on any screen. Add our unique mobile apply process. The result is more visitors to your job and more applicants.



## ✔️ View and Share Formatted Resumes

View beautifully formatted resumes. Download, print and share with colleagues. Quickly sort through candidates to identify the superstars.



## ✔️ Screen Candidates The Easy Way

Ask real-world questions to quickly identify qualified candidates. Use free-form, multiple choice or yes/no formats and view their responses in conjunction with their resume.



## ✔️ Customize Your Branding

Add your company logo and colors to make your job pages an extension of your business.

## ✔️ Add Unlimited Users to Your Account

Collaborate with anyone in your organization to find the best candidates. It's the same price whether you have 1 or 100 users.



## ✔️ Create an Instant Job Page on Your Site

Add your list of your job openings to your own company website in seconds. Just cut and paste the widget - no coding required.



## ✔ Include a Company Careers Page

Using your custom company branding, we provide you with a hosted company job page to use as the Careers link on your website.

## ✔ Track and Rate Applicants from Visit to Hire

Collaborate with team members to rate, organize, filter, share notes and add labels. We give you all the essential applicant tracking tools you need to make great hiring decisions.



## ✔ Export Candidates

Keep your current workflow. Export your candidates to Excel so you can manage all of your data offline, anytime.



## ✔ Create Custom Email Responses

Create personalized responses when candidates apply. We've done the hard part to make you look good and save you time.



✔️ **Premium Support from Real People**

No endless phone trees and recordings. Call us, email, or chat live with a real person who's happy to help you.



✔️ **100% Satisfaction Guarantee**

We think you will be delighted when you try ZipRecruiter, but if you're not happy, we proudly offer a money back guarantee. Learn more. (/guarantee)

**100%**
Satisfaction
Guarantee

Post a Job Now (/post-a-job)

# Why ZipRecruiter?

ZipRecruiter offers the fastest and easiest way to get a job listing in front of millions of candidates. ZipRecruiter's web-based platform streamlines the hiring process by enabling companies to post a job on 50+ leading job boards (/job-boards) with one click and manage all applicants through a simple online interface. By providing a central location for finding, screening and tracking applicants, ZipRecruiter empowers employers to quickly make the best hiring decisions, at a fraction of the cost of traditional job boards.

## 250,000+ businesses have used ZipRecruiter for hiring, including:

       

      

     

    

## Customer testimonials:

View all (/testimonials)

*I can't believe the responses. I had over 130 responses in just 4.5 days to our ad for a receptionist/opthalmic tech. There were many very qualified applicants. Thank you very much. You helped me find a new employee."*

- John G. Randall of John G. Randall, O.D

↑ Back to top

Exhibit 2

(/web/20140122052931/https://www.ziprecruiter.com/)

Menu ⌄

## Pricing

# Select Your Plan to Start FREE Trial

*No commitment. Upgrade, downgrade or cancel at any time.*

| | Starter $59/mo | Team $99/mo | Company $149/mo |
|---|---|---|---|
| **Monthly Plans** **Annual Plans** 2 FREE months! | | | |
| **Job Posting** Post to 50+ job boards with one submission. What are job slots? | **3** Active Job Slots (?) Unlimited Candidates | **10** Active Job Slots (?) Unlimited Candidates | **20** Active Job Slots (?) Unlimited Candidates |
| **Resume Database** Search 2,871,827 fresh job seekers in our resume database | **50** Resumes/mo | **250** Resumes/mo | **500** Resumes/mo |
| 100% Satisfaction Guarantee | ✔ | ✔ | ✔ |
| Full Customer Support | ✔ | ✔ | ✔ |
| UNLIMITED Candidates | ✔ | ✔ | ✔ |
| UNLIMITED User Accounts | ✔ | ✔ | ✔ |
| UNLIMITED Companies | | ✔ | ✔ |
| Candidate Screening Interviews | | ✔ | ✔ |
| Inclusion in Job Alert Emails | ✔ | ✔ | ✔ |
| Mobile Optimized Job Pages | ✔ | ✔ | ✔ |
| Automatic Resume Scoring | | ✔ | ✔ |
| Branded Job Pages | ✔ | ✔ | ✔ |

| | | | |
|---|---|---|---|
| Social Network Integration | ✓ | ✓ | ✓ |
| New Candidate Alerts | ✓ | ✓ | ✓ |
| Resume Database Alerts | ✓ | ✓ | ✓ |
| Unlimited Job Posting | | | |
| Unlimited Budgets | | | |
| Pay-for-Performance Options | | | |
| XML Job Import/Job Wrapping | | | |
| Dedicated Account Management | | | |

## Frequently Asked Questions

**How many job boards do you post to?**
50+ top job boards (/web/20140122052931/https://www.ziprecruiter.com/job-boards) and counting. Plus, distribution to millions in daily job alert emails.

**Is there a limit on candidates I can receive?**
No! Every plan we offer allows for unlimited responses.

**What if I don't get any candidates?**
ZipRecruiter is the best way to get your job across the web, but we can't control the number of job seekers that apply. We will do everything we can including distribution to 50+ job boards and promotion in daily job alert emails. Plus, feel free to call us for feedback on your job ad.

**Can I add more people to my account?**
Yes! Add as many users to the account as you like. All plans allow for unlimited users.

**Is there any contract involved?**
Nope. Pay month-to-month or annually. If you decide to cancel your account will stay open through the end of the period you've paid for, and you won't be billed again.

**How can I pay for ZipRecruiter?**
We accept Visa, Mastercard, Discover, or American Express. Invoicing is available for multi-month plans. Contact us (/web/20140122052931/https://www.ziprecruiter.com/contact?from_url=https%3A%2F%2Fwww.ziprecruiter.com%3A443%2Fpricing&topic=New+account+sales) to request invoicing.

**Can I change plans at any time?**
Sure thing. Simply click on the "Account" tab to see your options and either upgrade or downgrade your plan.

**What happens if I downgrade my plan?**
Once the term of your current plan ends, your oldest jobs (over the allowed count) will automatically be removed from job boards.

**Is my satisfaction guaranteed?**
Yes! If you're not completely happy then we don't want you to pay. Just send us an email and we will refund your previous payment, no questions asked! (6 and 12 month plans must be canceled within the first 30 days of purchase to get a full refund.)

**Customer testimonials:**

View all (/web/20140122052931/https://www.ziprecruiter.com/testimonials)

*Your website is AWESOME. Please feel free to quote me as saying your website is absolutely terrific."*

- Sandy Reuter, Practice Administrator, James E Shenberg DDS Inc. (/web/20140122052931/http://www.shenbergdental.com/)

Have more questions? Read FAQs (/web/20140122052931/https://www.ziprecruiter.com/faq), Contact us (/web/20140122052931/https://www.ziprecruiter.com/sales) or call (800) 557-9015

Exhibit 3

Menu ⌄

(/web/20140122053253/https://www.ziprecruiter.com/)

**Get Started Today**

Post your first job in minutes.

**4-day FREE trial!**

Post a Job (/web/20140122053253/https://www.ziprecruiter.com/post-a-job)

*Satisfaction guaranteed!*

# Bright Score FAQs

Expan all   Collaps all

- ## What is the Bright Score?

  The Bright Score shows on a scale of 1-100 how well a candidate's resume matches your job title and description. It is one tool to help you prioritize the review and evaluation of your incoming candidates.

  

- ## How is the Bright Score calculated?

  The Bright Score compares a candidate's resume to over 50 criteria to determine their fit in the areas of work experience, skills, and education. These criteria are compared with the text of your job title and description to come up with a numerical score for each resume.

- ## What do the numbers and colors mean?

The Bright Score uses a 1-100 scale. As a general guideline, here is what the numbers are intended to mean:

| | | | |
|---|---|---|---|
| 90 Bright Score | to | 100 Bright Score | Their resume is likely an **excellent** match for your job description. |
| 70 Bright Score | to | 89 Bright Score | Their resume is likely a **good** match for your job description. |
| 0 Bright Score | to | 69 Bright Score | Their resume is likely a **poor** match for your job description. |

\* Results may vary depending on the level of detail provided in each resume, job title and description.

- ## Does the Bright Score take ZipRecruiter interview answers into consideration?

No. The Bright Score can only score the text within the candidate's resume as compared to your job title and description.

- ## How can I improve the accuracy of my Bright Scores?

As a general rule, the more information you provide in your job title and description, the more data the system will have to calculate a Bright Score.

- ## Can I customize Bright Score for my account?

No. At this time there is no way to customize the Bright Score. We are continuing to wortk with Bright to optimize the algorithm and make sure results are as accurate and helpful as possible.

- ## Can candidates see their own Bright Score?

No. Bright Scores are only shown to users on the ZipRecruiter account where the job was posted. Candidates do not see how they scored.

- ## I see candidates with scores that don't accurately represent their qualifications. What can I do?

The Bright Score is a new technology that is being constantly improved through real-world feedback. If you find results that do not make sense, please forward a link to that candidate's page to support+bright@ziprecruiter.com (mailto:support+bright@ziprecruiter.com).

- ## Why are some candidates missing Bright Scores entirely?

Missing Bright Scores could be caused by one of several reasons:

  - Candidate received before Bright Score feature launch

- Job description less than 200 characters

- Job located outside of U.S.

- Candidate resume doesn't exist or could not be scored

- ## Why does ZipRecruiter send me candidates with low bright scores?

  ZipRecruiter does not filter candidates by their Bright Score. Our system only scores the incoming candidates to help you evaluate which candidates are worth further consideration.

- ## Who calculates the Bright Score?

  The Bright Score was developed by Bright Media Corp. (www.bright.com)

Let us know what you think about the Bright Score by taking our quick survey. (/web/20140122053253/http://www.surveymonkey.com/s/M3V6HFH)

Exhibit 4

# GoodHire partners with ZipRecruiter to offer pre-employment background reports

 ()  



GoodHire Logo. (PRNewsFoto/GoodHire)

 Facebook ()   Twitter   Pinterest

REDWOOD CITY, Calif., July 16, 2013 /PRNewswire/ -- GoodHire, a rapidly growing pre-employment background reporting platform finalized a partnership with ZipRecruiter, a leading job distribution service. GoodHire's web-based self-service model allows companies to conduct legally compliant employment background checks without the hassle of speaking to salespeople or soliciting Requests For Proposals (RFP). GoodHire is the first and only FCRA-compliant background checking service (http://www.goodhire.com/a/FCRA-background-check-compliance-guidelines) to be offered to all ZipRecruiter clients.

(Logo:  http://photos.prnewswire.com/prnh/20130716/SF47686LOGO (http://photos.prnewswire.com/prnh/20130716/SF47686LOGO))

GoodHire's platform for pre-employment background checks (http://www.goodhire.com/) is ideal for small-to-medium sized businesses but is also scalable for larger organizations. GoodHire was built with the needs of small business owners and hiring managers in mind. Although hiring employees while abiding by local and federal employment laws can be overwhelming, GoodHire helps streamline this process with straightforward tools and advice needed to make the process easier. GoodHire's focus on speed allows customers to create an account and start ordering reports right away while their business information is verified. Customers are updated in real-time as reports are completed so they can make decisions quickly and secure the best talent. GoodHire's partnership with employment law firm Fusion Legal (http://www.fusionlegalsf.com/) allows customers to receive free, basic legal advice from an experienced employment lawyer.

Max Wesman, GoodHire's Director of Product, said "We're very excited to partner with ZipRecruiter and give their customers the opportunity to background check their candidates using GoodHire. ZipRecruiter shares our goal of supporting a smooth and pain-free hiring process for our users."

GoodHire's integration with ZipRecruiter creates a holistic ecosystem for hiring. Companies can now manage their entire recruiting procedure seamlessly, from posting job descriptions to conducting due diligence before making hires. The partnership not only increases efficiency, but also usability: hiring managers can source, vet, and hire new talent without having to leave their offices (or open a second web browser, for that matter). After signing up for ZipRecruiter, HR Managers and Recruiters can post jobs to over 40 job boards with one submission and manage candidates in a single location.  They can then validate their hiring decision with comprehensive pre-employment background reports that include identity, education, and employment history verifications.

Ken Walker, ZipRecruiter's Head of Product, said "ZipRecruiter makes it easy to post jobs and find great candidates. Now we're excited to offer background checks for that final step in the hiring process." After signing into their ZipRecruiter accounts, users can find a Background Check section on the dashboard for all their candidates. Right now, all ZipRecruiter users will receive their first GoodHire background report for free.

**About GoodHire:**

GoodHire is the Internet's most straightforward and intuitive pre-employment background checking site, expressly designed to meet all legal compliance needs of small to medium-sized businesses. GoodHire's parent company, Inflection, is an established leader in the people information industry and a winner of 2012's DataWeek Open Data Top Innovator Award. Years of experience in the Big Data industry has not only yielded cutting-edge technology, but also bolstered Inflection's commitment to excellent design. GoodHire simplifies FCRA-compliant background reporting down to its essentials, delivering custom-tailored reports, clear insight and advice, and a smooth user experience.

**About ZipRecruiter:**

ZipRecruiter offers the fastest and easiest way to get a job listing in front of millions of candidates. ZipRecruiter's web-based platform streamlines the hiring process by enabling companies to post a job on 40+ leading job boards with one click and manage all applicants through a simple online interface. By providing a central location for finding, screening and tracking applicants, ZipRecruiter empowers employers to quickly make the best hiring decisions, at a fraction of the cost of traditional job boards.

Contact:

Flora Liu
Email: flora@goodhire.com (mailto:flora@goodhire.com)
Office: 650-618-9910 ext. 837
Fax: 650-593-2799

SOURCE GoodHire

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew C. Helland, SBN 250451<br>Nichols Kaster, LLP, One Embarcadero Center, Suite 720, San Francisco, CA 94111 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 24 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Paul So, Deputy |

TELEPHONE NO.: 415-277-7235     FAX NO.: 415-277-7238
ATTORNEY FOR *(Name):* Plaintiff Dennis Bulcao, Jr.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bulcao v. ZipRecruiter, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 8 9 1 5 2 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
 ☐ Auto (22)
 ☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
 ☐ Asbestos (04)
 ☐ Product liability (24)
 ☐ Medical malpractice (45)
 ☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
 ☐ Business tort/unfair business practice (07)
 ☐ Civil rights (08)
 ☐ Defamation (13)
 ☐ Fraud (16)
 ☐ Intellectual property (19)
 ☐ Professional negligence (25)
 ☐ Other non-PI/PD/WD tort (35)
**Employment**
 ☐ Wrongful termination (36)
 ☐ Other employment (15)

**Contract**
 ☐ Breach of contract/warranty (06)
 ☐ Rule 3.740 collections (09)
 ☐ Other collections (09)
 ☐ Insurance coverage (18)
 ☐ Other contract (37)
**Real Property**
 ☐ Eminent domain/Inverse condemnation (14)
 ☐ Wrongful eviction (33)
 ☐ Other real property (26)
**Unlawful Detainer**
 ☐ Commercial (31)
 ☐ Residential (32)
 ☐ Drugs (38)
**Judicial Review**
 ☐ Asset forfeiture (05)
 ☐ Petition re: arbitration award (11)
 ☐ Writ of mandate (02)
 ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
 ☐ Antitrust/Trade regulation (03)
 ☐ Construction defect (10)
 ☐ Mass tort (40)
 ☐ Securities litigation (28)
 ☐ Environmental/Toxic tort (30)
 ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
 ☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
 ☐ RICO (27)
 ☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
 ☐ Partnership and corporate governance (21)
 ☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☑ Substantial amount of documentary evidence
 d. ☑ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/23/2015
Matthew C. Helland
_____
(TYPE OR PRINT NAME)                            ► _____
                                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Bulcao v. ZipRecruiter, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [X] YES   LIMITED CASE? [ ]YES   TIME ESTIMATED FOR TRIAL 14 [ ] HOURS/ [X] DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location where defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Bukao v. ZipRecruiter | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation           Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Bulcao v. ZipRecruiter | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☒ A6000  Other Civil Complaint (non-tort/non-complex) | (), 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 3 of 4

| SHORT TITLE: Bulcao v. ZpReeniter | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:  This is a class action, so per Local Rule, it must be filed in the Stanley Mosk Courthouse, Central District. |
|---|---|
| CITY:  Los Angeles | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 7/23/15

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC 5 8 9 1 5 2

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must also be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on JUL 2 4 2015    SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                SHERRI R. CARTER            By ___PAUL SO___, Deputy Clerk
For Optical Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
               (INSERT DATE)                        (INSERT DATE)

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)
Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)
Date:

_____    ▸ _____
      (TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):       FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤          _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____          ➤          (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

**Date:** _____          _____
                                                                        JUDICIAL OFFICER